Good morning your honors. May it please the court, I am Ted Pettit of Case Lombardi and Pettit representing the debtor and appellant at Mr. Adam Lee. This appeal concerns the finding and ruling of the district court in reviewing the turnover order in Mr. Lee's case. The district court made clear error of law by finding that the adversary proceeding filed in Mr. Lee's case met the requirements to be deemed an objection to Mr. Lee's claim of tenancy by the entirety's properties held by Mr. Lee and his wife at the time of his bankruptcy petition was filed. Can you explain our jurisdiction over this case under the Supreme Court's case in Bullard? Yes I'll do so let me get my notes. Bullard concerned an order an appeal from an order dismissing a chapter 13 plan and basically the court said that that is not a final order because it did not finally adjudicate that particular proceeding. In other words the dismissal denial of the chapter 13 plan would have resulted in the debtor coming back to propose a new plan, there would be other proceedings. That's not the case that we have here. Bankruptcy is in fact a series of different kinds of proceedings. A turnover order has been held by many courts including the Ninth Circuit to be a final order. This was before Bullard. So Bullard said the standard was it alters the status quo and fixes the rights and obligations of the parties or alters the legal relationships among the parties. So as I understand that the turnover order merely says that your client has to stay out of the way of the trustee and the trustee has possession of it. It wasn't a determination of ownership. How did that meet the standards at Bullard? If this court reverses the district court order that results in fixing those rights. If the court affirms the district court those rights remain fixed. There is turnover order only talks about possession. It doesn't say whether it's part of the estate or not part of the estate. The only thing that remains because the properties have been sold is distribution of proceeds and those distributions are simply a administrative proceeding in the bankruptcy court doesn't devolve into more litigation or other other properties were liquidated it simply comes down to distribution. That's an ordinary process in the bankruptcy court. So how come the turnover order is final and finally adjudicates the relationship between the parties? Well that particular order did not recognize the tenants by the entirety's exemption claimed by the debtor. That's the fixing of the relationship between the parties. So implicitly the court held that the property was part of the bankruptcy estate and not covered by the exemption. In other words it denied the claim exemption. Yes sir. Yes sir. And because there was a final judgment in the adversary proceeding the court went on to find that that was the objection to the 9th Circuit case of Gugliusa. I think the arguments are very similar there. Gugliusa is a little bit easier to understand because that was an adversary proceeding dealing with dischargeability and the appeal was taken after only four of the elements of the dischargeability count had been filed to go forward on fraudulent intent. So I think that's not what we have here. We have the final order. It is the end of a discrete proceeding and therefore a final order as required under 158A. If we agreed with the the trustees position that the adversary action to determine that the transfer to the tenants entirety was a fraudulent transfer and that constituted an objection. So we agreed with that. Would we then not have jurisdiction over the turnover order since that was the final order that altered the relationship between the parties? If. So we agree that it constitutes an objection. That's mainly what the issue is before us today. If in fact we agree that it did constitute an objection under 4003B, then what would our jurisdiction be based on for this appeal? For this appeal that is a final order. But that's not before us. Your appeal of that adversary action was dismissed for lack of persecution. So that action is not before us. That's correct. So would we then lack jurisdiction over the turnover order? I don't believe so. Why is that? Our Right. But I'm saying assuming that we disagree with that and determine there is about there was a valid of that did constitute a valid objection. If it constituted a valid objection, there's nothing remaining for the bankruptcy court to do. Okay. Thank you. Let me cover what I'm. Why wasn't it a valid objection? I mean, that's really the core of your merits argument. So why not? Let's address rule 4003 because I think that is the crux of the issue. An objection either complies with 4003 or does not. I think we all agree that under Taylor and Law v. Siegel, there must be a timely objection. There is an issue here over whether or not the adversary complaint that was filed within the 30 days of conclusion of the meeting of creditors was in fact timely because it constituted an objection meeting the requirements of 4003. That's not really timely so much as form. As I understand your argument, this form isn't good enough. It's also the issue that rule 4003 is not just form. There is substances that, number one, although there's no special form of objection, the deemed objection, whether it's a surrogate or an adversary complaint, still has to be clear and comply with standards of rule 4003. One of those elements that is exemption is. The trustee says it was clear because they were filed as adversary action that the objection was due to it being a fraudulent transfer which the court ended up agreeing with. So that shows what the basis is for their objection to the property being transferred to the tenants in the There's no prayer or any mention in the adversary complaint, if that is deemed to be the objection, that there is a basis to object to the exemption. Let me finish that thought. Because there's no objection to the exemption, then there's no hearing in the adversary proceeding which is required under rule 4003. A specific hearing on the basis for the objection and the objecting party will always have the burden of proof on that. The adversary proceeding was litigated. Your client resisted. Did he not know what he was in the room for? Did he not know what was going on? I mean, I'm having trouble understanding the substance of For us, this is weather that produces that kind of response. So I will understand. I've got bad weather in my office too. Lots of flu going around. I look at it this way. An objection in the standard format is before the court in the main case and it specifically states the basis for the objection and there is a hearing. If you this completely distinct from an objection, here's how to provide the notice. This comes down to notice. It does in part, but look, there are two separate proceedings here and I'll explain that. Mr. Lee's debtor's exemption, claim of exemption to tenants by the entirety's property involved his interest in the tenants by the entirety's property. That was the piece of the bankruptcy estate. If there had been a recovery based on the objection, it would have been the debtor's interest only. In an adversary proceeding, you've got a different situation. You're naming both husband and wife and if there is a successful conclusion in favor of the plaintiff, you've got a recovery of the entire tenants by the entirety's property. I don't understand why giving too much notice or vitiates the substantive notice that was given. I mean, I'm having real trouble understanding why this is in pure form over substance. Well, look at where we ended up. Well, we're here. Rule 4003 is supposed to promote finality. What happens in the adversary proceeding is there's never any finding, any judgment, any ruling as to disallowance of the debtors tenants by the entirety's fined leap. Why doesn't the finding that the property was conveyed fraudulently to the tenants by the entirety and therefore is back in the bankruptcy estate, why isn't that sufficiently final to show that the property is now part of the bankruptcy estate? I understand that, but where in the record do you find the leap from a judgment to disallowance of the exemption? And if there is no disallowance of the exemption, it doesn't just vaporize. Why does the adversary proceeding exist? I mean, it seems to me clearly inherent those two have to run together. And if your client didn't think so, why would your client have bothered to contest the adversary proceeding? The debtor... I don't hear an answer to that. No, I'm giving you the answer. Okay. The trustee could have logically decided the debtor has a better claim of the exemption because he held the property for a number of years and then it was transferred to his wife when they got married. The trustee could have looked at that and said, I'm going to file the adversary because I want the wife's, the transferee's interest as part of the bankruptcy estate. But I may not have such a good case as the debtor's exemption goes. There was never a hearing on this exact... I really don't understand what difference there could be between those two. Indeed, all that happens is you pull the wife in, you pull in another party to contest what the trustee wants to do. Somebody who can say, I'm an innocent third party and my rights are being screwed here. From the perspective of the trustee, I don't see how that's supposed to be an easier route. I've got a couple of minutes left. An objection says, debtor, I am going to ask the court to disallow your exemption. That's exactly what an objection is. That is not the content of the adversary proceeding. Could the trustee have made that objection without having the adversary proceeding to disallow it? Yes, and that's the way this should have gone. So it's clear there's an objection to the exemption followed by the adversary proceeding. We would not be here today. That's the bright rule that I'm trying to get this court to see. That if you don't comply with Rule 4003, we're going to have these kinds of proceedings where no one really is on notice as required by the rule. You want to save the rest of your time for rebuttal? I do, thank you. We'll hear from the trustee. Thank you, Your Honors. Enver Painter on behalf of the Chapter 7 trustee, Dane Field, the appellee. Did you have any questions? Why not give the notice in the form that the debtor argues you should have? Because the adversarial proceeding was notice. It was clear notice. The only reason why an adversarial proceeding was filed was to object to the debtor's tenants by the entirety's exemption. If the property is not held in tenants by the entirety's, there's no tenants by the entity. If you look at the record on appeal, it's very clear that everybody, including the debtor and the debtor's counsel, understood that that's exactly what it was all about. At the 341 meeting, the meeting of creditors, the debtor's counsel announced that we are claiming an exemption in these T by E properties under SWOTA v. ENDO. The trustee then said, well, what kind of consideration was given for the transfer to T by E? None. Did the debtor have an exemption that existed at the time of the transfer? Yes, he did. The trustee says, I think I'll be looking at a fraudulent transfer case on this. Trustee subsequently hired counsel, me. Continued 341 meeting was held. The debtor and his counsel appeared at that meeting of creditors in December, and it was explained to the trustee that the debtor was claiming the exemption in these T by E properties, and that his exemption was part of his exemption planning scheme. There was then questions about, does the trustee want to pursue this any further pursuant to Rule 204 exam? The trustee determined, we don't need any more information to object to this exemption. Just go ahead and file the adversarial proceeding. That's the way you have to object to a T by E exemption. Opposing counsel says you could have filed an objection and then followed up with an adversary proceeding. Is that incorrect? No, that's not correct. That's not incorrect. We could have filed a document called objection to exemption, but that really wouldn't have accomplished anything, because under Hawaii law and under the bankruptcy rules, you have to name the transferee as defendant in a fraudulent transfer action. Counsel, help us with his suggestion that Rule 4003 specifically requires that. What's your response to his 4003 objection? It does not. It clearly does not. On the plain face of Rule 403 or under 522 L of the Bankruptcy Code, 11 U.S.C. 522 L, 522 L says you have to file an objection or the property is deemed exempt. Rule 403 only sets a time limit for the filing of that objection, and there's two time limits in there. One has to do with filing objection within 30 days of the conclusion of the 341, the creditors meeting. The other one has to do with filing it within one year if the property was fraudulently transferred, if the exemption was fraudulently claimed. Neither Rule 522 or Rule 403 say what the form of the objection is, and all of the cases before Taylor recognized these various proceedings. The cases after Taylor recognized various Taylor didn't change that. What the Bankruptcy Court or the District Court did here does not offend Taylor in any way. Let me ask you this. You mentioned the other timing issue under 4003b2. I mean, could you solve this problem merely by filing an objection now? Is the case still pending? Actually, we could. We could file an objection today, and it would be timely under 4003b2. We did not do that and haven't done that yet because we are of the firm belief that our objection filed within the 30 days, the adversarial proceeding, was in fact an objection to the claimed exemption, and that's the only way you can resolve the debtor's right to that exemption is via an adversarial proceeding. Certainly, we could have filed a document that just said objection to exemption, but that wouldn't have accomplished anything other than avoided this particular appeal, and that's regretful. I'm happy to see it. But your Honor is correct. This is the ultimate in form over substance. I mean, the debtor has never argued, and the reason why this comes up, this issue regarding the exemption comes up, in the context of a turnover order is because the trustee clearly objected the debtor's claimed exemption. There was an adversarial proceeding. There was a trial, more due process than would have been granted the debtor or the debtor's spouse under a motions proceeding, and then some year, a year and a half after the filing, after the filing of the adversarial proceeding, when the trustee moves to get physical possession of the property, was the first time the debtor ever said, gee whiz, I claimed an exemption. And if you look at my exemption, and you look at the liens against the property, the property is underwater, so I shouldn't have to turn it over. But let me ask you this jurisdictional question. If we agreed with your theory of the case that the the adversary action did constitute an objection, do we have jurisdiction over this appeal under Bullard, that the turnover order presumably does nothing but change possession? I believe you do, and I would agree with Mr. Pettit's analysis on this particular issue. Although it comes up, the exemption issue comes up in this funny context of a turnover order. In ruling on the turnover order, the bankruptcy court determined that the adversarial proceeding was in fact an objection. It doesn't say anything in there, of course, in the order. It just says turnover of possession. So wasn't the, or is it your theory that the adversary action, the determination that was a fraudulent transfer, didn't turn the property over to the estate? I'm just wondering how the, under your theory of the case, how the turnover order alters the status quo and fixes the rights and obligations of the parties? Okay, I to do with the physical possession of the property. Tenants by the entirety's properties is always property of the estate, and under Hawaii law it's exempt to the extent that the creditors of one of the spouses cannot reach it. It's always subject to the claims of joint creditors. In this case, there was none, which is another reason why the adversarial proceeding was an objection to an exemption, because the only reason for filing it was to bring it, if it was claimed exempt, bring it back in the estate for the benefit of the debtor's individual creditors. There were no joint creditors, husband and wife creditors, in this case. So the turnover order did what to alter this? The turnover order only said that the debtor had to turn over physical possession of the property. When the adversarial proceeding, when the trustee prevailed on the adversarial proceeding and the the exemption was denied, the property became property of the estate again. But I thought you said that the, I thought I heard you say, I may have misunderstood, that the turnover order implicitly denied the objection or I guess, granted the objection. The ruling on the turnover order. Was a grant of an objection, because I thought you said the objection was the adversary action, so the resolution of that would have been the decision on the objection. Correct. I don't see how you have a second decision. The objection to the tenants by the entirety exemption was the adversarial proceeding. That was resolved, the property was back into the state. The exemption was no good, because Wada Viendo says you cannot claim an exemption in fraudulently transferred properties. It specifically says you cannot create a entirety's estate to defraud creditors, and that's exactly what the trustee alleged the debtor had done. He had created this estate by transferring the properties to tenants by the entireties to defraud his creditors. That was the basis of his exemption, that was the basis of our adversarial proceeding. The debtor's exemption. After that, the property was no longer exempt, but the debtor still had physical possession, and the trustee wanted to sell it, and the debtor would not allow the trustee's realtor in to show the property or anything else, and there was other properties that the debtor was refusing to turn over, monies, firearms, other things, and so the trustee filed a turnover order requiring the debtor to turn over physical possession of the property to the trustee, so the trustee could sell it, and it was in the context of that turnover order that the debtor said for the first time, oh gee whiz, the property is exempt. If you look at the amount of the exemptions, and if you look at the amount of the liens and everything, the property is underwater, so it shouldn't be turned over, and we said, you can't be serious. I mean, I think when I wrote the reply memo, I mean, I said the debtor can't be serious. There is no exemption. It's gone. It's been gone for a year. So let me see if I understand your argument. Is it the denial of the exemption that gives us jurisdiction, or is it the turnover order itself? I think that the appeal is from the turnover order, and in ruling on the turnover order, the court determined, bankruptcy court determined, that the adversarial proceeding was in fact an objection to the exemption, and that there was no exemption, so the property was not underwater, and should be, physical possession should be turned over to the trustee to be administered for the benefit of the creditors of the estate. So it's kind of a, the way the exemption issue came up in the context of the turnover order is kind of unusual, but I think that in so ruling what the court, the bankruptcy court did, was it basically affixed the rights of the parties regarding this turnover and exemption issue. Now the court didn't say in the turnover order that I'm, you know, I'm granting it or denying it, granting an objection to an exemption. That had already been done. That's what the court said. No, that's already been done. That was done in the adversarial proceeding. I'm not really sure how that squares with Bullard, that had to do with the confirmation of a Chapter 13 plan, but which is in my mind analogous to a ruling, a denial of a dispositive motion. There's always something left. In this particular instance, and I agree with Mr. Pettit on this, in this regard, after the to do other than for the trustee to administer these assets and make distribution, but because the debtor appealed, the court said, you know, we're gonna hold all the assets. All the assets are held until further order of the bankruptcy court in any event. So that's the context. But then there was still a sales order after that. I'm sorry? There was a sales order even after the turnover order. There was, that's correct. So it wasn't the last thing. This was these subsequent orders were just about administrating the estate. I believe that the adversarial proceeding fixed the rights of the parties with respect to the exemption, and there was an appeal taken from that judgment in the adversarial proceeding, and the trustee prevailed, both at the district court and this court dismissed for failure to prosecute. Yeah, I don't believe there's an opening brief was filed. So that's a done deal, and we always thought it was a done deal. The debtor just raised it again in the context of this turnover order, and of course when they deny, when the court rejected that, then he appealed from that. But what the turnover did is it gave physical possession of the Palua properties to the trustee so his realtor could show them and sell them, and the sale was brought before the court and was confirmed by the court. There was an appeal from that order also, and that's the one that you've taken under submission. I notice I have 46 seconds. Is there any other questions? Glad to give them back to us. I would be glad to. Thank you, Your Honors. Let me make one quick statement about the jurisdiction here and the turnover order. The objection to the motion for turnover was the debtor's claim of tenants by the entirety's exemption. So in effect, the court overruled that opposition, in essence, denying the claim of exemptions. The Ninth Circuit has ruled that an order denying a claim of exemption is a final appealable order. That is Prelick v. Batley 181 F. 3rd 1048. Just in closing, I want to go back to Taylor because Taylor said, among other things, deadlines may lead to unwelcome results, but they prompt parties to act, that's the timeliness that we're talking about, and produce finality. We didn't get finality here because there never was a proper objection to the debtor's claim of exemptions. But the time wasn't about to run out for a trustee objection, was it? I mean, I confess, as you already know, this isn't my territory, but as I look at the statute... The adversary was filed two days before the 30-day period to object was running. What does that 30-day period apply to a trustee? As I read... Well, the trustee has a second chance, but only where the debtor has fraudulently claimed the exemption. There's no finding at all that this debtor fraudulently asserted a claim of exemption. He was on title with his wife, tenants by the entireties. He's allowed to make that claim. Is that different? So there was a fraudulent transfer ruling. Is that fraudulent transfer ruling different than fraudulently asserting the claim of exemption for purposes of 4003b2? Completely different. One does not lead to the other. Okay, thank you. Okay, we appreciate your arguments. In the case of Lee v. Field, number 1517451 is submitted.
judges: O'scannlain, Clifton, Ikuta